UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DARYL ORTEGA,

    Plaintiff,

    v.                                                               No. 10cv00998 WJ/ACT

QWEST CORPORATION and
STEVE KAMISKI, as employee of
QWEST CORPORATION,

    Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANTS' PETITION TO AWARD ATTORNEY FEES**

THIS MATTER comes before the court upon Defendants' Bill of Costs and Petition to Award Attorney's Fees and Costs, filed July 6, 2012 (**Doc. 66**).[1]  Having reviewed the parties' briefs and applicable law, I find that Defendants' request for attorney fees is not well-taken and shall be denied.

**BACKGROUND**

Plaintiff in this case sued his employer, Qwest Corporation, for racial discrimination, harassment and retaliation under 42 U.S.C. § 1981 and Title VII.  Plaintiff, a Hispanic male, was hired in July 1998 by Qwest to work as a Network Technician in the Taos, New Mexico area. He was terminated in October 2009 after his supervisor Steve Kaminski reported an incident of workplace violence and unprofessional behavior by Ortega.  The incident involved Ortega's threatening Mike Neely, a technician for a third-party HVAC company, which was a violation of Qwest's code of conduct.   In his complaint, Plaintiff contended that his termination was a

---

[1]  Costs have already been awarded to Defendants as the prevailing party, and thus the Court need not consider that part of Defendants' motion. *See* Doc. 75.

pretext, that he was subjected to racial harassment and retaliation, and that he was wrongfully terminated.

On June 6, 2012, United States District Judge Bruce Black ruled against Plaintiff on all of his claims, and entered judgment in favor of Defendants.  Docs. 62 & 63.  The Tenth Circuit affirmed Judge Black's grant of judgment.  Doc. 76.  Defendants filed a Bill of Costs and Petition to Award Attorneys' Fees and Costs (Doc. 66) prior to Plaintiff's filing an appeal.  The Clerk of Court has awarded costs to Defendants, noting that Plaintiff failed to respond to Defendants' Bill of Costs.  Doc. 75.  The Court finds the award of costs to Defendants to be proper so this Memorandum Opinion and Order pertains only to the issue of attorney fees.

## DISCUSSION

Defendants seek attorney fees on the basis that Plaintiff's lawsuit was sufficiently frivolous to meet the strict standard under *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 422 (1978).[2]

**I.     Legal Standard**

While a prevailing plaintiff ordinarily is entitled to attorney fees, a prevailing defendant in a civil rights action may recover attorney fees only "if the suit 'was vexatious, frivolous, or brought to harass or embarrass the defendant.'" *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) (citing *Christiansburg,* 434 U.S. at 422); *Mitchell v. City of Moore, Oklahoma*, 218 F.3d 1190, 1203 (10th Cir. 2000).[3]  In *Christiansburg*, the United States Supreme Court cautioned:

> . . . it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation.

---

[2]  The Court ordered Plaintiff to file a response to Defendants' request for fees.  Doc. 79.
[3]  An award of fees to a defendant as a prevailing party is authorized under 42 U.S.C. § 2000e-5, which allows an award of fees to the "prevailing party" in the court's discretion.  The statute does not limit such an award to prevailing plaintiffs.   In *Christiansburg* , the Supreme Court interpreted the provision to allow such fee awards to defendants where plaintiff's action was "frivolous, unreasonable, or without foundation."  434 U.S. at 422-23.

2

> This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success.

434 U.S. at 421-22; *see Flowers v. Jefferson Hosp. Ass'n, Inc.,* 1993 WL 771015 (E.D.Ark. 1993) (noting that *Christiansburg* requires courts to view the reasonableness of the matter from the plaintiff's perspective at the time).

## II.     Analysis

Defendants moved for summary judgment on all of Plaintiff's federal claims (Title VII disparate treatment, racial harassment and retaliation) and state law claim of wrongful termination.

Plaintiff based his disparate treatment claim on two grounds: that he was disciplined more severely than another employee who was not Hispanic and who left paperwork undone and service calls unfinished; and that his supervisor Steve Kaminski harbored racial animus towards him based on several statements Kaminski had made.  Plaintiff was terminated by Sarah Nicholls, Qwest's Director of Network Operations, but Plaintiff contended that Nicholls did not make the decision to terminate him on her own.  Judge Black found that Plaintiff had made out a prima facie case because Plaintiff presented "some, albeit quite thin, evidence of racial bias or animus on the part of Kaminski." Doc. 62 at 8.   However, the Court concluded that Plaintiff failed to show that Qwest's reason for terminating him was pretextual, because it was unclear whether Kaminski's statements constituted legal evidence of racial animus, and because Kaminski did not cause the decision to terminate Plaintiff.  Doc. 62 at 12.

Plaintiff based his racial harassment claim on four race-based comments and repeated discipline.  Judge Black found that "four comments, spanning a four-year period, do not rise to the level of 'a steady barrage of opprobrious racial comments." Doc. 62 at 13.   As for Plaintiff's claims of repeated discipline the Court found that two incidents of "increased scrutiny" by his

3

supervisor when paperwork was left unfinished, did not rise to the level of pervasive or severe harassment.  Thus, Plaintiff had failed to demonstrate that he was subject to a hostile work environment.  Doc. 62 at 14.

Plaintiff also claimed that he was retaliated against for reporting instances of racial misconduct by Qwest employees, in violation of Title VII, 42 U.S.C. §2000(e) and 42 U.S.C. §1981.  Judge Black agreed with Defendants' argument that Plaintiff did not show any indication that he suffered an adverse employment action—specifically, termination—as a result of filing the charge because the was a difference of two and a half years between Plaintiff's reporting of racial misconduct and his termination.  Moreover, Plaintiff had failed to establish a causal connection between the report of discrimination in 2007 and his termination in 2009 because Plaintiff had worked for three other supervisors before Kaminski became his supervisor in 2008.  The Court granted Defendants' summary judgment on the retaliation claim as well.

Little analysis was needed for Judge Black to come to the conclusion that Defendants were entitled to summary judgment on Plaintiff's state law claim of retaliation.  Because Plaintiff's employment with Qwest was governed by a collective bargaining agreement that allowed termination only for cause and a grievance procedure, Plaintiff's tort of wrongful termination was not available.  *See Silva v. Am. Fed'n of State, Cnty, and Mun. Employees,* 2131 N.M. 364, 365 (2001) (plaintiff who is at-will employee cannot pursue an action of retaliatory discharge).

Plaintiff did not prevail on any of his claims.  His claims of harassment and retaliation were based on thin evidence at best, and perhaps bordered on being vexatious, given the time span between the alleged wrongful conduct in those claims and Plaintiff's termination.  Plaintiff's state law claim did not even pass the starting gate, in that Plaintiff must have known

4

that he was subject to a collective bargaining agreement and that he could not assert a wrongful discharge claim. Plaintiff proceeded the furthest on his discrimination claim, but Defendants argue that because Plaintiff could not get past a prima facie case, an award of Defendants' fees is appropriate.

The standard in *Christiansburg* is met when a party utterly fails to produce any evidence in support of material issues necessary to withstand summary judgment. *Head v. Medford*, 62 F.3d 351, 355 (11th Cir.1995); *Smith v. Smythe-Cramer Co.*, 754 F.2d 180, 183 (6th Cir.1985) ("Courts have awarded attorneys' fees to prevailing defendants where no evidence supports the plaintiff's position or the defects in the suit are of such magnitude that the plaintiff's ultimate failure is clearly apparent from the beginning or at some significant point in the proceedings after which the plaintiff continues to litigate."); *Twilley v. Integris Baptist Medical Center, Inc.*, unpubl. opin., 2001 WL 901102, 2 (10th Cir.) (affirming award of fees against plaintiff where plaintiff failed to produce any evidence that defendant's proffered explanation for the termination was pretextual his claims were based on mere speculation and conjecture).

In this case, Plaintiff made out a prima facie case. The evidence Plaintiff presented was weak, and certainly not enough to withstand summary judgment, but it was still *some* evidence. Plaintiff identified several statements made by Kaminski which the Court did not consider legal evidence of racial animus, but from a plaintiff's perspective could form the basis of a claim. Similarly, although the Court ultimately concluded that Kaminski played no part in Plaintiff's termination, the Court found it necessary to conduct an analysis into whether Ms. Nicholls had "rubber-stamped" Plaintiff's termination based on input she may have received from Kaminski and another Qwest human resource employee who had discussed whether Plaintiff should be terminated on a conference call. Doc. 62 at 11. An award of fees to Defendants as the

prevailing party would be appropriate had Plaintiff not presented any of this evidence at all, and had merely made conclusory assertions, or had not even been able to make out a prima facie case. *See, e.g., Stefanoni et al. v. Bd. of Chosen Freeholders of the County of Burlington et al.*, 2003 WL 1889611 (3rd Cir.) (not abuse of discretion to award fees in case where plaintiffs' allegations did not establish a prima facie case on any of their theories of discrimination). This is not the case here.

In general, the Court agrees with Defendants that having to defend such meritless cases has become a huge burden not only for defendant-employers but also for an already-overburdened court system to digest. Indeed, *Christiansburg* set out to make it possible for a defendant to recoup expenses "in resisting a groundless action" for instances other than where a plaintiff has brought the lawsuit in bad faith. 434 U.S. at 412. However, Plaintiff's failure to present enough evidence to withstand summary judgment is insufficient under the *Christiansburg* standard to support an award of fees to Defendants. Otherwise, a defendant would be entitled to an award of fees as a "prevailing party" in every instance where a plaintiff successfully makes out a prima facie case but is not successful in presenting evidence of pretext under the last part of the framework set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973). The *Christiansburg* standard, based on 28 U.S.C. §2000e-5(k), was not meant to be such a bonanza for defendants defending civil rights cases.[4]

**THEREFORE,**

**IT IS ORDERED** that Defendants' Bill of Costs and Petition to Award Attorney's Fees and Costs **(Doc. 66)** is hereby DENIED with regard to Defendants' request for attorney's fees,

---

[4] The Supreme Court noted that a defendant could already recoup such expenses under the American common-law rule which allowed fees to be awarded against a party who has proceeded in bad faith, and thus no additional statutory provision was necessary. Thus, the Supreme Court concluded that in enacting 2000e-5(k), Congress envisioned other circumstances which allow recovery of fees to a prevailing party.

6

for reasons described in this Memorandum Opinion and Order.

_____
UNITED STATES DISTRICT JUDGE